ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| ERIC R. YOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-4122-JAR |
| | ) |
| MIKEL L. STOUT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO STAY**

The Court now considers defendants' Motion to Stay Proceedings (Doc. 25), pending the interlocutory appeal of a preliminary injunction order in a related case to the Tenth Circuit Court of Appeals. Plaintiffs oppose the motion, arguing that the two cases are distinct and that a stay would cause them irreparable harm, but that a failure to stay would not harm defendants.

Defendants argue that a stay should be granted until a pending appeal is decided in a related case, *Kansas Judicial Watch v. Stout*, No. 06-4056. In that case, this Court granted plaintiffs Kansas Judicial Watch's, the Honorable Charles M. Hart's, and the Honorable Robb Rumsey's motion for a preliminary injunction that enjoined and prohibited the enforcement of Kan. S. Ct. R. 601A, Canon 5A(3)(d)(I) and (ii) and Canon 5C(2) against any candidate for judicial office, including an incumbent judge. The Court denied plaintiffs' motion for injunctive relief with regard to Canon 3E(1), which obligates judges to recuse themselves from cases in which they have certain conflicts of interest or biases. Canon 5A(3)(d)(I) and (ii) are commonly referred to as "the pledges and promises and commits" clauses. Those clauses provide:

>   (3) A candidate for a judicial office:
>   . . . .
>   (d) shall not:
>   (i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;
>   (ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court.[1]

The Court also enjoined enforcement of Canon 5C(2), or the "solicitation clause," which states:

>   A candidate* shall not personally solicit or accept campaign contributions or *solicit publicly stated support* nor shall a candidate serve as his or her own campaign treasurer. A candidate subject to public election* may, however, establish committees of responsible persons to solicit and accept reasonable campaign contributions, to manage the expenditure of funds for the candidate's campaign and to obtain public statements of support for his or her candidacy. Such committees may solicit and accept reasonable campaign contributions and public support from lawyers. A candidate's committees may solicit contributions and public support . . . no earlier than one year before an election and no later than 90 days after the last election in which the candidate participates during the election year.[2]

In granting a preliminary injunction regarding these canons, the Court found that plaintiffs were substantially likely to succeed on the merits of their First Amendment challenges, both on their face and as applied to the plaintiffs primarily under the holding in *Republican Party of Minnesota v. White.*[3] Defendants filed an interlocutory appeal of that part of the Court's Order granting the preliminary injunction. This Court denied a motion by the defendants to stay the

---

[1] Kan. S. Ct. R. 601A, Canon 5A(3)(d)(I), (ii).

[2] Kan. S. Ct. R. 601A, Canon 5C(2) (emphasis added). The asterisks indicate terms that are defined separately in the Code of Judicial Conduct.

[3] 536 U.S. 769 (2002).

2

injunction, but the Tenth Circuit granted a motion to stay the injunction with regard to Canon 5C(2), the solicitation clause.

Initially, the plaintiffs in *Kansas Judicial Watch* attempted to amend that Complaint to add the parties and claims found in this case. After finding that the court had jurisdiction to rule on the motion to amend, despite the pending interlocutory appeal, Magistrate Judge Sebelius determined that permitting an amendment to the Complaint in that case would unduly prejudice the defendants as it would place new issues into an already complex case and cause delay. Instead, plaintiff filed a separate Complaint, alleging First and Fourteenth Amendment challenges to Canon 5A(1)(b) ("the endorsement clause"), and 5A(1)(e) and 5C(2) ("the solicitation clauses").

The endorsement clause provides a judge or judicial candidate may not "publicly endorse or publicly oppose another candidate for public office," other than their own candidacy. The solicitation clauses, as referenced in the Complaint, both restrict a judge's and judicial candidate's ability to solicit funds.

A stay of discovery and trial is within the broad discretion of the court "as an incident to its power to control its own docket."[4] First, defendants urge the Court to stay this case because the interlocutory appeal in *Kansas Judicial Watch* contains issues that are inextricably intertwined with the constitutional challenges at issue here. Defendants appear to suggest that the Court lacks jurisdiction to proceed with this case because appellate review is imminent on the issues involved. The Court disagrees. In the *Kansas Judicial Watch* case, this Court retains jurisdiction, despite the interlocutory appeal, to proceed with matters not involved in that

---

[4]*Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

appeal.[5]

But this is a wholly separate case. This case involves challenges to different clauses. While both deal with First Amendment challenges to judicial canons, the challenges are to separate and distinct clauses within those canons. Even though both cases challenge Canon 5C(2), the *Kansas Judicial Watch* case challenges the clause dealing with solicitation of publicly stated support, while this case deals with solicitation of funds, so the issues in these cases are different. Also, plaintiff Yost is not involved in the case before the Tenth Circuit.

While the Tenth Circuit exercises jurisdiction over the prior case, the existence of the interlocutory appeal does not divest this Court of jurisdiction to proceed in this separate matter. In fact, one of the reasons cited by Judge Sebelius for finding jurisdiction to decide the motion to amend in *Kansas Judicial Watch*, was that the motion to amend involved issues not involved with that appeal. Further, none of the authority cited by defendants stands for such a proposition, but all deal with the scope of the district court's jurisdiction in the same case that an interlocutory appeal is filed.[6]

Next, defendants argue that judicial economy and efficiency would best be served if the

---

[5]*See Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

[6]In multiple places, defendants cite *Mountain Solutions, Inc. v. State Corp. Comm'n of the State of Kan.*, 982 F. Supp. 812, 816 (D. Kan. 1997). That case dealt with whether arguments raised in a partial motion for summary judgment were identical to those raised in a previously litigated motion for preliminary injunction that was still pending appellate review in the same case. The district court refrained from deciding the summary judgment motion until the interlocutory appeal was resolved. *Id.* Likewise, neither internal citation to this source supports the proposition that a Court must refrain from ruling in a separate but related case when appellate review is imminent in only one. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3921.2 at 56 (2d ed. 1997) (discussing trial court action pending interlocutory appeal in the same case and stating, "[c]ontinuing trial court proceedings, moreover, often pose little threat to orderly disposition of the appeal; ordinarily the scope of the appeal will be limited to consideration of the preliminary injunction decision itself, despite the power to reach out to other matters."); *Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561 (10th Cir. 1979) (applying the general rule that an appeal transfers jurisdiction to the appellate court and finding that because the earlier appeal concerned a primary claim and the later decision involved a cross-claim, the later judgment did not involve the appeal and the district court retained jurisdiction over the cross-claim).

Court stayed these proceedings until the Tenth Circuit rules on the pending appeal. The Court fails to see how a stay of this matter would promote judicial economy. Certainly judicial economy would be better served by the parties at least setting deadlines, and proceeding with any necessary discovery and motions practice. Even if the Tenth Circuit's decision on the *Kansas Judicial Watch* appeal would aid the Court and the parties on many of the overarching legal issues involved, it should have no impact on the pretrial process. The Court finds that judicial economy would be better served by proceeding in this matter. For the same reasons, the Court is not persuaded that the conflicting law on these matters dictates that a stay is appropriate. Again, the state of the law should have no effect on the parties' ability to conduct a scheduling conference and begin the process of discovery and briefing of any necessary pretrial motions. For all of the above reasons, the Court finds that a stay is not warranted and defendants' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Stay Proceedings Pending Appeal (Doc. 25) is **denied**.

**IT IS SO ORDERED.**

Dated this 5th day of September 2007.

                                                  S/ Julie A. Robinson
                                                  Julie A. Robinson
                                                  United States District Judge