ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC R. YOST, )
 )
         Plaintiff, )
 )
vs. ) Case No. 06-4122-JAR
 )
MIKEL L. STOUT, *et al.*, )
 )
         Defendants. )
 )

**MEMORANDUM AND ORDER**

The Court now considers defendants' Renewed Motion to Certify Questions of State Law to the Kansas Supreme Court (Doc. 41). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court denies defendants' motion.

**I.  Background**

This case involves a constitutional challenge by plaintiff Eric R. Yost, a district court judge in Sedgwick County, Kansas and candidate for re-election in 2008, to certain canons of the Kansas Judicial Code of Conduct.[1] The named defendants are members of the Kansas Commission on Judicial Qualifications ("the Commission"), along with the Commission Examiner, Edward G. Collister, Jr.

First, plaintiff challenges Canon 5A(1)(b) ("the endorsement clause") on its face and as applied to plaintiff. The endorsement clause states that, with certain exceptions, "a judge or a

---

[1] An extensive background of judicial ethics rules in Kansas is set forth by this Court in *Kansas Judicial Watch v. Stout*, 440 F. Supp. 2d 1209 (D. Kan. 2006).

candidate for election or appointment to judicial office shall not: . . . (b) publicly endorse or publicly oppose another candidate for public office."[2] Plaintiff's facial challenge alleges the clause is overbroad. His as-applied challenge asserts that he seeks to endorse candidates in races other than his own, but is prevented from doing so by this Canon.

Second, plaintiff challenges Canon 5A(1)(e) and Canon 5C(2) ("the solicitation clauses"), on their face and as applied to plaintiff. Under 5A(1)(e), a judge or candidate shall not "solicit funds for, pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions." Canon 5C(2) provides:

> A candidate shall not personally solicit or accept campaign contributions or solicit publicly stated support nor shall a candidate serve as his or her own campaign treasurer. A candidate subject to public election may, however, establish committees of responsible persons to solicit and accept reasonable campaign contributions, to manage the expenditure of funds for the candidate's campaign and to obtain public statements of support for his or her candidacy. Such committees may solicit and accept reasonable campaign contributions and public support from lawyers. A candidate's committees may solicit contributions and public support . . . no earlier than one year before an election and no later than 90 days after the last elections in which the candidate participates during the election year.[3]

Plaintiff contends that the solicitation clauses are facially overbroad. He also alleges that he seeks to solicit money from non-attorneys by going door-to-door, placing phone calls, and signing letters asking for campaign contributions.

---

[2]Kan. S. Ct. R. 601A, Canon 5A(1)(b). One of these exceptions is that a judge or candidate may publicly endorse or publicly oppose other candidates for the same judicial office in a public election in which the judge or judicial candidate is running. *See* Canon 5C(1)(b)(iv).

[3]Kan. S. Ct. R. 601A, Canon 5C(2); (Ex. 7). The asterisks indicates terms that are defined separately in the Code of Judicial Conduct.

In a related case, *Kansas Judicial Review, et al. v. Stout*, this Court considered First Amendment challenges to certain other judicial canons.[4] The defendants in that case are the Commission, as well as members of the Judicial Ethics Advisory Panel, which provides nonbinding ethical guidance to persons subject to the code.  After granting a preliminary injunction enjoining enforcement of Canons 5A(3)(d) and 5C(2), defendants filed an interlocutory appeal.  On March 12, 2008, the Tenth Circuit Court of Appeals found that the case was justiciable and proceeded to sua sponte certify certain questions to the Kansas Supreme Court regarding the interpretation of Canons 5A(3)(d) and 5C(2).[5]

In determining that the plaintiffs' claims warrant certification, the court explained that "[t]he Canons are promulgated by the state supreme court to regulate the conduct of state judges and judicial candidates, and thus their interpretation falls squarely within the scope of state law."[6]  The court went on to acknowledge the novelty of the claims based on the fact that the Kansas Supreme Court had never ruled directly on the questions presented.  Finally, and most importantly, the court found that a state court ruling interpreting the Canons "is [] likely to moot or substantially modify the constitutional issues at stake," and went on to explain how both the facial and as-applied challenges to those Canons could be narrowed or made moot by such a ruling.[7]

---

[4] Case No. 06-4056-JAR.

[5] The court declined to certify the question that defendants requested, whether the Pledges and Commits Clauses are de facto announce clauses that would be unconstitutional under *Republican Party of Minnesota v. White*, 536 U.S. 769 (2002).  "Because this question is not dispositive in this case, we decline to certify it and likewise hold that the district court did not abuse its discretion in denying the motion to certify."  *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1120 n.11 (10th Cir. 2008).

[6] *Id.*

[7] *Id.* at 1120–21 (citing *Bellotti v. Baird,* 428 U.S. 132, 148 (1976)).

**II.     Analysis**

Defendants move this Court to certify the following questions of state law to the Kansas Supreme Court pursuant to the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201: (1) Does a judge or judicial candidate violate Canon 5A(1)(b) by publicly endorsing or opposing political candidates for public office who are not candidates running for his judicial office?; (2) Does a judge or judicial candidate violate Canon 5A(1)(e) by personally soliciting contributions from the bench, from attorneys, or from non-attorneys, by going door-to-door, making phone calls, and signing letters requesting campaign contributions in a non-judicial capacity?; and (3) Does a judge or judicial candidate violate Canon 5C(2) by personally soliciting contributions from the bench, from attorneys, or from non-attorneys, by going door-to-door, making phone calls, and signing letters requesting campaign contributions in a non-judicial capacity?

Pursuant to K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it, when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

The decision to certify rests within the discretion of the Court.[8]  It is not to be "'routinely invoked whenever a federal court is presented with an unsettled question of state law.'"[9] And,

---

[8] *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005); *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996).

[9] *Marzolf*, 924 F. Supp. at 129 (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406 (10th Cir. 1988)).

even if there is no state law governing an issue, certification is not compelled.[10] Because statutory interpretation is at issue, "the touchstone of our certification inquiry is whether the state statute is readily susceptible of an interpretation that 'would avoid or substantially modify the federal constitutional challenge to the statute.'"[11]

In finding that the Canons at issue in *Kansas Judicial Review* are susceptible to a narrowing construction, the Tenth Circuit analyzed both the facial and as-applied challenges brought by plaintiffs. The court found that the Kansas Supreme Court may find that the plaintiffs' conduct was not proscribed by the Canons. This was "particularly likely in light of the Commission's interpretations of the Canons in the Notes, determining that candidates may answer questionnaires and collect signatures without violating the Canons."[12] As to the facial challenges, the court focused on the fact that many of the key terms at issue are "modified by a phrase that is susceptible to multiple interpretations."[13]

Defendants essentially claim that the same circumstances that warranted certification in the *Kansas Judicial Review* case are present here. Certainly, the Tenth Circuit's findings with regard to the scope of state law and the novelty of the state law questions apply here. But plaintiff argues that answers to the questions presented by defendants would not avoid or substantially modify the federal constitutional challenges made by plaintiff. The Court agrees that the Tenth Circuit's analysis was specific to the Canons at issue in that case and should not

---

[10]*Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1217 n.22 (10th Cir. 2002); *Boyd Rosene & Assocs. v. Kan. Mun. Gas*, 178 F.3d 1363, 1365 (10th Cir. 1999).

[11]*Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1119–20 (10th Cir. 2008) (quoting *Bellotti v. Baird*, 428 U.S. 132, 148 (1976)).

[12]*Id.* at 1121.

[13]*Id.*

be generalized to the Canons at issue in this case.  The Court therefore evaluates the questions proposed by defendants in this case and determines whether they would avoid or substantially modify the constitutional claims made by plaintiff.[14]

### A. *Endorsement Clause*

Plaintiff challenges the endorsement clause, which prohibits a judge or judicial candidate from publicly endorsing or publicly opposing another candidate for "public office." The commentary to Canon 5A(1) explains that the endorsement clause "does not prohibit a judge or judicial candidate from privately expressing his or her views on judicial candidates or other candidates for public office."   The commentary further clarifies that "[a] candidate does not publicly endorse another candidate for public office by having that candidate's name on the same ticket."  Also, an exception to this rule exists if a candidate for election publicly opposes other candidates for the same judicial office in a public election in which the judge or judicial candidate is running.[15]

Plaintiff argues that the proposed question about this canon "simply repeats the language of the Canon, [so] it is not clear of what purpose would be served by certification."  Defendants reply that the Kansas Supreme Court could determine that plaintiff's conduct does not fall within the scope of the clause.  Defendants further argue that the term "endorsement" is susceptible to a narrowing construction, without elaboration.  The Court is unable to construe Canon 5A(1)(b) as readily susceptible of an interpretation that would avoid or substantially

---

[14]The Court notes that defendants make little effort in their motion to explain how the Kansas Supreme Court's interpretation of these canons could provide a limiting construction or it could conclude that plaintiff's proposed conduct could be found not to violate the clauses.

[15]Kan. S. Ct. R. 601A, Canon 5C(1)(b)(iv).

modify the federal constitutional challenge here. Plaintiff's proposed conduct and defendant's proposed question to be certified track the language of the Canon. The question does not seek an interpretation of the term "endorsement," nor does defendant provide any explanation about how that term could be interpreted in such a way that would "substantially modify" the constitutional issue before this Court.

The only narrowing construction that this question appears to target is whether the Canon is aimed at elections for all public offices or only at elections for the judge's or judicial candidate's judicial office. But the Canon is not susceptible to such a narrowing construction. Its plain language makes clear that endorsements or oppositions are prohibited with regard to "another candidate for <u>public office</u>." The Court is unable to see how "public office" is susceptible to the interpretation of "the judge or judicial candidate's judicial office." Further, the commentary suggests that the Canon is indeed aimed at all public offices because it explains that the endorsement clause does not prohibit a candidate from having another candidate's name on the same ticket. And the exception allowing candidates to endorse or oppose other candidates for the same judicial office also suggests that the rule is for all public offices, otherwise the exception would swallow the rule. The Court denies defendants' motion to certify this question.

### B.     *Solicitation Clauses*

Plaintiff challenges the solicitation clauses both on their face and as-applied to him. His as-applied challenge is based on his desire to personally solicit campaign contributions from non-attorneys by going door-to-door, making phone calls, and signing letters requesting

campaign contributions. Defendant's proposed question[16] to the Kansas Supreme Court is whether a judge or judicial candidate violates Canon 5A(1)(e) or 5C(2) by personally soliciting contributions from the bench, from attorneys, or from non-attorneys, by going door-to-door, making phone calls, and signing letters requesting campaign contributions in a non-judicial capacity.[17]

Under the Canons, "a candidate is a person seeking selection for or retention in judicial office by election or appointment."[18] Plaintiff is both a judge and a judicial candidate seeking re-election this year. He wishes to personally solicit contributions for his campaign from non-attorneys by going door-to-door, making phone calls, and signing letters. Like the proposed conduct with regard to the endorsement clause, neither Canon 5A(1)(e) nor Canon 5C(2) are susceptible to interpretations that would allow for this conduct. Canon 5A(1)(e) explicitly provides that a judge or candidate shall not "solicit funds for . . . a political organization or candidate." And Canon 5C(2) prohibits a candidate from personally soliciting or accepting campaign contributions, instead, requiring campaign contributions to be collected through a campaign committee.

Defendants urge that the terms "solicitation" and "political organization" are susceptible to a narrowing construction that could preserve the constitutionality of the Canons by reducing

---

[16]The Court recognizes that plaintiff seeks two separate questions with regard to each solicitation clause. Due to the identical substance of these questions, with the exception of the specific Canon number reference, the Court discusses them as one for the sake of brevity.

[17]As plaintiff correctly points out, the question actually seeks an interpretation of more conduct than plaintiff specifies he wishes to pursue in his Complaint. Defendants suggest that plaintiff concedes that a prohibition on solicitation from attorneys would be constitutional, but the Court does not read this concession into plaintiff's response. Plaintiff merely states that his as-applied challenge does not extend to solicitation from attorneys—only non-attorneys.

[18]Kan. S. Ct. R. 604(b).

the amount of protected speech under its ambit. But again, defendants fail to explain how the Kansas Supreme Court could narrowly construe these terms in such a way that would modify the constitutional analysis. The Court does not find that "solicitation" is susceptible to any interpretation that would allow for a candidate to request campaign funds by going door-to-door, making phone calls, or signing letters.

With regard to Canon 5A(1)(e), a limiting interpretation of "political organization" could somewhat narrow the sweep of speech prohibited. Plaintiff urges that a political organization is defined "by the Canons" as "a political party or other group, the principal purpose of which is to further the election or appointment of candidates to public office." According to plaintiff, this definition includes a judicial candidate's campaign committee.[19] Defendants urge that a narrower interpretation of "political organization" could modify the constitutional analysis. To the extent the Kansas Supreme Court would find that a candidate's campaign committee is not a political organization, Canon 5A(1)(e) would allow more speech by allowing judges and judicial candidates to solicit funds for a judicial candidate's campaign committee. However, even if the Kansas Supreme Court decided that a judicial candidate's campaign committee is not a political organization, it would only narrow the prohibition by allowing a candidate to contribute to another judicial candidate's campaign committee because Canon 5C(2) would still prohibit personal solicitation for that candidate's own campaign committee. Therefore, while the term "political organization" may be subject to a somewhat narrowing interpretation by the Kansas Supreme Court, the Court finds that it is not susceptible

---

[19]Plaintiff has previously pointed the Court to a 1998 Judicial Ethics Advisory Panel ("the Panel") decision, JE 82, which advises that a judge's campaign committee is a "political organization," as used in Canon 5C(1)(a). As the Tenth Circuit explained in *Kansas Judicial Review*, the Panel's opinions "are not binding legal precedent and fall far short of constituting settled state law." 519 F.3d at 1121.

to an interpretation that would avoid or "substantially modify" the overbreadth question with regard to Canon 5A(1)(e).  Therefore, the Court denies defendants' motion to certify the solicitation questions as well.

In sum, this Court does not find that the Tenth Circuit's reasoning for certifying questions in *Kansas Judicial Review* applies here.  There has been no indication by the Commission that plaintiff's proposed conduct would not fall within the purview of the challenged canons.  Moreover, the language of the challenged canons here is simply not susceptible to multiple interpretations through the use of modifying phrases.  Accordingly, the Court does not find certification to be appropriate in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Certify Questions of State Law to the Kansas Supreme Court (Doc. 41) is **denied**.

**IT IS SO ORDERED**.

Dated this 2nd day of June 2008.

                                               S/ Julie A. Robinson
                                               Julie A. Robinson
                                               United States District Judge