ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC R. YOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-4122-JAR |
| | ) |
| MIKEL L. STOUT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Jonathan Lee Riches' Motion for Reconsideration and Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. Rule 24(A)(2), 24(B), Motion to Amend Complaint (Doc. 60).[1] As described more fully below, the motion is denied.

This case was originally filed on November 1, 2006. The parties have filed and obtained rulings on a number of motions since the case was commenced and currently, cross-motions for summary judgment are under advisement with the Court. Trial is set for November 18, 2008. Mr. Riches filed this pro se pleading on August 25, 2008, claiming that his "intervention presents questions of laws and facts that are common in this action. . . . Defendants violated campaign financing reform laws. . . . I have information, documents, exhibits related to this case." There is no indication that this motion was served upon the existing parties to this litigation.

**Motion to Intervene**

Mr. Riches claims he is entitled to intervene either as a matter of right under Fed. R. Civ.

---

[1] In some places the motion refers also to Karl Rove and Richard Meade as putative plaintiffs, although the text of the motion is clearly written by Mr. Riches alone and discusses only his interest in this matter. The Court, therefore, treats this motion as made by Mr. Riches alone.

P. 24(a), or that the Court should permit him to intervene under Rule 24(b). A motion under either subsection must be served on the parties under the rules provided for in Rule 5 and the motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.[2] None of these prerequisites have been met here. There is no indication that Mr. Riches served this document on the parties, this motion does not explain what Mr. Riches' grounds for intervention are, and there is no pleading accompanying his motion that sets out his claim or defense. For these reasons alone, the Court may deny the motion.[3]

But even if the procedural requirements were met, the Court would not allow intervention on the basis of this filing under either the mandatory or permissive intervention provisions. Under the mandatory intervention provision, the interest that justifies intervention must be direct, substantial, and legally protectable.[4] Mandatory intervention is not appropriate here because it does not appear that this party has been given an unconditional right to intervene by a federal statute. Furthermore, there is no property subject to this action that Mr. Riches could claim an interest in.

The Court would likewise decline to grant permissive intervention to Mr. Riches.

---

[2]Fed. R. Civ. P. 24(c).

[3]The Court would likewise deny the motion on timeliness grounds. The Court is to evaluate timeliness contextually, considering "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). Given the procedural posture of this case, the motion to intervene is untimely. The case has proceeded through discovery and some motions practice and is now awaiting this Court's ruling on the cross-motions for summary judgment. Moreover, plaintiff anticipates a ruling prior to the November 2008 election in which he is a judicial candidate. To postpone ruling on the fully briefed summary judgment motions and allow an amendment to the complaint would delay resolution of this case and prejudice the existing parties.

[4]*See id.* at 1251.

2

Though he states in the motion that he has a claim or defense that shares with the underlying action a common issue of law or fact, he does not state what that claim or defense is.  This case involves a First Amendment challenge to certain judicial canons promulgated by the Supreme Court of Kansas that govern the behavior of judges and judicial candidates.  The Court highly doubts that this party can show he has constitutional standing to challenge the judicial canons in this matter.  As the Tenth Circuit has explained, "in freedom of expression cases, injury in fact can be shown by alleging (1) 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute,' and (2) 'a credible threat of future prosecution.'"[5]  This party is not a judge, nor a judicial candidate subject to the judicial canons; therefore, the Court is unable to see how he shares a claim with the existing parties to this litigation.

### Motions to Amend and for Reconsideration

This party captioned the motion as a motion to amend the complaint and for reconsideration and clarification.  Under Rule 15(a)(2), "a *party* may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Because this motion is not filed by a party to this action, the Court need not consider the request for leave to amend.  Likewise, the Court denies any motion for reconsideration, as it is not being filed by a party to this action.

**IT IS THEREFORE ORDERED BY THE COURT** that Jonathan Lee Riches' Motion for Reconsideration and Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. Rule

---

[5]*Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (quoting *Ward v. Utah*, 321 F.3d 1263, 1267 (10th Cir. 2003)).

24(A)(2), 24(B), Motion to Amend Complaint (Doc. 60) is **denied**.

**IT IS SO ORDERED**.

Dated this 12th day of September 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

Yost v. Stout, Memorandum and Order Denying Intervention, Case No. 06-4122-JAR