ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIC R. YOST,                )
                             )
        Plaintiff,      )
                             )
vs.                          )   Case No. 06-4122-JAR
                             )
MIKEL L. STOUT, *et al.*,    )
                             )
        Defendants.     )
                             )

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's Motion to Alter or Amend Judgment and attached provisional motion for attorneys' fees (Doc. 75). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court construes the motion to alter or amend judgment as a motion for attorneys' fees and grants the motion.

Plaintiff's Complaint alleges constitutional challenges to the Kansas Judicial Code pursuant to 42 U.S.C. § 1983. Specifically, plaintiff challenges the constitutionality of the "endorsement clause"[1] and "the solicitation clauses."[2] On November 16, 2008, the Court

---

[1] The "endorsement clause" provides that a judge or judicial candidate may not "publicly endorse or publicly oppose another candidate for public office." Kan. S. Ct. R. 601A, Canon 5A(1)(B).

[2] Under Canon 5A(1)(e), a judge or candidate shall not "solicit funds for, pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions." Canon 5C(2) provides:
        A candidate shall not personally solicit or accept campaign contributions or solicit publicly stated support nor shall a candidate serve as his or her own campaign treasurer. A candidate subject to public election may, however, establish committees of responsible persons to solicit and accept reasonable campaign contributions, to manage the expenditure of funds for the candidate's campaign and to obtain public statements of support for his or her candidacy. Such committees may solicit and accept reasonable campaign contributions and public support from lawyers. A candidate's committees may solicit contributions and public support . . . no earlier than one year before an election and no later than 90 days after the last elections in which the candidate participates during the election year.
Kan. S. Ct. R. 601A, Canon 5C(2).

entered a summary judgment order in this matter, ruling on cross-motions for summary judgment (Doc. 72). Plaintiff's Motion for Summary Judgment (Doc. 50) was granted in part and denied in part. The motion was granted on the solicitation clauses, Canons 5A(1)(e) and 5C(2) and denied on the endorsement clause, Canon 5A(1)(b). Defendants' Motion for Summary Judgment (Doc. 52) was granted in part and denied in part. The motion was denied on the solicitation clauses, Canons 5A(1)(e) and 5C(2), and granted on the endorsement clause, Canon 5A(1)(b). The summary judgment order did not rule or comment on the issue of attorneys' fees. On November 25, 2008, the Clerk entered judgment pursuant to the summary judgment order (Doc. 74). The last sentence of the Judgment orders that "each party is to bear their own costs and attorney fees."

Plaintiff timely filed the instant motion to alter or amend judgment under Fed. R. Civ. P. 59(e), arguing that the Court committed error by ordering each party to bear their own fees.[3] Plaintiff attaches to its motion a provisional motion for attorneys' fees pursuant to Rule 54(d), seeking attorneys' fees under 42 U.S.C. § 1988 as the prevailing party in this matter.

*Discussion*

    **1.    Motion to Alter or Amend Judgment**

As an initial matter, defendants object to plaintiff's motion to alter or amend under Rule 59 as an inappropriate procedure for seeking attorneys' fees. Because an award of attorneys' fees is collateral to the merits, defendants maintain that the motion should be made pursuant to Rule 54(d) instead of Rule 59.[4] Plaintiff contends that its Rule 59(e) motion is appropriate

---

[3] Plaintiff claims that his motion seeks to alter the denial of fees and expenses. Plaintiff makes no argument about costs, therefore, the Court does not address that issue.

[4] *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988).

2

because it questions the correctness of the Court's *sua sponte* denial of attorneys' fees.[5]  In other words, because the Court ordered the parties to bear their own costs in the Judgment, it necessarily denied an award of attorneys' fees to plaintiff.

In determining whether a motion is brought under Rule 59, the Court must look beyond the form of the motion "to the substance of the relief requested."[6]  A motion under Rule 59(e) is appropriate if it questions the correctness of the underlying judgment.[7]  The Supreme Court has explained that "the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.  By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply."[8]

In *Utah Women's Clinic, Inc. v. Leavitt*,[9] the district court issued an opinion and order denying relief on the merits and dismissing the civil rights action.  In the last sentence of the opinion and order, the district court stated "[b]ecause of the absence of merit in support of plaintiffs' case and the legal frivolousness of plaintiffs' assertions in this facial challenge,

---

[5]Plaintiff relies on *Browder v. City of Moab*, 427 F.3d 717 (10th Cir. 2005), for the proposition that a Rule 59(e) motion is proper because the Court did not provide an explanation for its decision on attorneys' fees.  There, the court explained in a footnote that the defendants did not need to raise the attorneys' fees issues with the district court first because the district court's *sua sponte* ruling negated this requirement since defendants lacked the ability to do so prior to judgment.  *Id.* at 719 n.2.  The Court does not read this footnote so broadly as to hold that a party may not file a motion under Rule 54(d) for attorney's fees when a *sua sponte* ruling is included in the judgment, only that it did not waive its right to appeal that issue by failing to do so.

[6]*Hannon v. Maschner*, 981 F.2d 1142, 1145 n.2 (10th Cir. 1992).

[7]*Richmond v. Crow*, 61 F.3d 916 (Table), 1995 WL 350800, at *2 (10th Cir. June 12, 1995) (citing *Hannon*, 981 F.2d at 1145 n.2).

[8]*White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982).

[9]75 F.3d 564 (10th Cir. 1995), *cert. denied*, 518 U.S. 1019 (1996).

plaintiffs are ordered to pay defendants' costs and attorney's fees."[10]  Judgment reflecting this order was entered soon thereafter.  The plaintiffs then filed a motion to alter or amend judgment under Rule 59(e), asking that the award of attorneys' fees and costs to the defendants be deleted.  The district court denied the motion and set the amount of attorneys' fees and costs and then entered judgment in those amounts.  The Tenth Circuit considered whether it had jurisdiction over plaintiff's appeal of the underlying opinion and order denying plaintiff relief on the merits.[11]  In order to make this determination, the court framed the issue as "whether the Rule 59(e) motion, which sought only to delete the award of attorneys' fees and costs to defendants in this matter, prior to the quantification of those fees and costs, tolled the time in which to take an appeal from the merits, i.e the constitutionality of [the law at issue]."[12]

The court concluded that where a Rule 59(e) motion questions liability for attorney's fees and costs that have not been set, and where further proceedings are essential to these collateral matters, it does not affect the finality and appealability of the merits judgment.[13]  The court explained that "regardless of which side prevails, civil rights actions invariably spawn disputes over attorney's fees; these disputes should not delay the appeal of the merits."[14]  In reaching this conclusion, the court distinguished the Fifth Circuit case of *Ramsey v. Colonial Life Insurance Co.*,[15] which held that "a motion to reconsider a judgment will be considered a Rule 59(e) motion

---

[10]844 F. Supp. 1482, 1495 (D. Utah 1994).

[11]*Utah Women's Clinic, Inc.*, 75 F.3d at 566.

[12]*Id.* at 567.

[13]*Id.* at 568–69.

[14]*Id.* at 569.

[15]12 F.3d 472 (5th Cir. 1994).

even where the request for reconsideration encompasses only that part of the judgment regarding attorney's fees."[16] The Tenth Circuit explained that "*Ramsey* pertains to a Rule 59(e) motion where the judgment was final not only as to the merits, but also as to attorneys' fees," as opposed to the facts of *Utah Women's Clinic*, where the fee award clearly contemplated further proceedings.[17]

Plaintiff argues that this case is analogous to *Ramsey* and not *Utah Women's Clinic*, because the portion of the judgment ordering that each party is to bear it's own fees and costs was final and could not have contemplated future proceedings. But plaintiff fails to address the fact that *Ramsey* has since been abrogated, as explained in *Moody National Bank of Galveston v. GE Life & Annuity Assurance Co.*[18] In *Moody*, the district court granted summary judgment in favor of the defendant and entered final judgment in its favor. In the final judgment, the court ordered each party to bear its own costs and attorney's fees. The defendant filed a Rule 59(e) motion asking the court to tax all costs, which was denied. After acknowledging the tension between the precedent set by *Ramsey* and the Supreme Court's goal, as stated in *Budinich*, that "no interest is served by according different treatment to attorney's fees deemed part of the merits recovery,"[19] the Fifth Circuit explained that it was not bound to follow the prior *Ramsey* ruling because Congress had made a change in statutory law that affected the *Ramsey* decision.[20] Specifically, the Court noted that *Ramsey* did not consider the 1993 amendment to Fed. R. App.

---

[16]*Id*. at 478.

[17]*Utah Women's Clinic, Inc.*, 75 F.3d at 568.

[18]383 F.3d 249 (5th Cir. 2004).

[19]*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988).

[20]*Moody*, 383 F.3d at 252.

4(a)(4), which allows for tolling of the time to file a notice of appeal for motions for attorney's fees if the district court extends the time to appeal under Rule 58.  The Court held:

> Thus, reading (4)(a)(4) and the rule it refers to—Rule 58—together, it is clear to us that any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment.  Post judgment motions addressing attorney's fees can only extend the time for appeal if (1) the motion is filed before the delay for appeal expires and (2) the court orders that the motion be considered as a Rule 59 motion.[21]

This Court declines to apply *Ramsey*, given the Fifth Circuit's rejection of that holding as set forth above.  Instead, the Court finds that plaintiff's motion should be properly considered a motion for attorney's fees under Rule 54(d) and not Rule 59(e), as it does not go to the merits of the Court's summary judgment order that gave rise to the judgment.  The motion wholly concerns liability for attorneys' fees, and not the merits of the claims in this case.[22]  The Court proceeds to address the merits of plaintiff's motion for attorneys' fees.[23]

### 2. Motion for Attorneys' Fees

Plaintiff requests attorneys' fees and expenses under 42 U.S.C. § 1988(b) as the prevailing party in this action.  Under section 1988, the Court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  While the statute grants the Court discretion in awarding attorneys' fees, the Tenth Circuit has recognized that "Congress intended this discretion to be narrow once the plaintiff meets the 'prevailing party' inquiry."[24]  A

---

[21]*Id.* at 253.

[22]*Budinich*, 486 U.S. at 202; *Utah Women's Clinic, Inc.*, 75 F.3d at 568–69; *Lintz v. Am. Gen. Fin., Inc.*, 203 F.R.D. 486, 488 (D. Kan. 2001).

[23]Defendant responded to both motions in its response memorandum (Doc. 76).

[24]*Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir. 1997).

plaintiff "prevails" under the statute when it "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit."[25]

> Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, *Hewitt*, *supra*, 482 U.S., at 760, 107 S.Ct., at 2675, or comparable relief through a consent decree or settlement, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. *See Hewitt*, *supra*, 482 U.S., at 764, 107 S.Ct., at 2677. Otherwise the judgment or settlement cannot be said to "affec [t] the behavior of the defendant toward the plaintiff." *Rhodes, supra*, 488 U.S., at 4, 109 S.Ct., at 203. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. *Garland, supra*, 489 U.S., at 792-793, 109 S.Ct., at 1494. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.[26]

Applying the Supreme Court's formulation to the facts of this case, the Court finds that plaintiff prevailed on one of the two issues he presented to the Court for disposition. Summary judgment was granted in favor of plaintiff on the solicitation clauses, Canons 5A(1)(e) and 5C(2). Therefore, some declaratory and injunctive relief was granted in favor of plaintiff.[27] While defendants are correct that they too prevailed on one of the claims at issue, "[t]he ultimate degree of success or magnitude of relief obtained is irrelevant to the question of eligibility for a

---

[25]*Farrar v. Hobby*, 516 U.S. 103, 109 (1992).

[26] *Id.* at 111–12.

[27]*See* Doc. 1 at 10.

7

fee award."[28]  The Court finds that the declaratory relief and injunction resulting from the Court's summary judgment ruling altered the legal relationship between the parties by altering defendants' behavior in a manner that directly benefits plaintiff.  Therefore, plaintiff qualifies for prevailing party status.

The Supreme Court has counseled that "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"[29]  Defendants suggest that this case may present special circumstances that would render an attorneys' fees award unjust; however, they fail to point the Court to the specific special circumstances of this case that justify "no attorneys' fees at all."  The Court is unable to find special circumstances present here that justify the denial of an attorneys' fee award.[30]

Having found that plaintiff is a prevailing party and that no special circumstances are present that would make an award of fees unjust, the Court must next consider the reasonableness of the fee.[31]  Under this inquiry, the Court may consider plaintiff's partial or limited success.[32]  Plaintiff asserts that it is entitled to fees and expenses in the amount of $31,726.94 for lead counsel and $1650 for local counsel.  The Court is unable to conduct a reasonableness inquiry based on this bare claim for reasonable fees.  The parties are directed to file additional briefs addressing the reasonableness of plaintiff's fee request under the applicable law.

---

[28]*Browder v. Moab*, 427 F.3d 717, 722 (10th Cir. 2005).

[29]*Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, p.4 (1976)).

[30]*See, e.g.*, *Stewart v. Donges*, 979 F.2d 179, 185 (10th Cir. 1992) (finding special circumstances where plaintiff caused a trial to be conducted without jurisdiction).

[31]*See Moab*, 427 F.3d at 721, *Phelps*, 120 F.3d at 1130–31.

[32]*Moab*, 427 F.3d at 722.

8

**IT IS THEREFORE ORDERED BY THE COURT** that the Court construes plaintiff's Motion to Alter or Amend Judgment and attached provisional motion for attorneys' fees (Doc. 75) as a motion for attorneys' fees and **grants** the motion. The parties are directed to file additional briefs on the issue of reasonableness of the fee award as follows: **plaintiff's memorandum, supported by time records, affidavits, or other evidence shall be filed no later than May 1, 2009.  Defendants' response shall be filed no later than May 14, 2009.**

Dated:  April 9, 2009

                                                S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE